IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| OTIS GRAY | * |
|     Plaintiff, | * |
|         v. | *  CIVIL ACTION NO. 3:05-CV-354-F WO |
| LATONYA GARY, *et al.*, | * |
|     Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Otis Gray, is incarcerated in the Opelika City Jail located in Opelika, Alabama. He filed this 42 U.S.C. § 1983 action on April 15, 2005 complaining that Defendants violated his constitutional rights because they were negligent during evening meal service on April 13, 2005. According to the complaint, Plaintiff failed to timely receive a dinner tray on the date in question because Defendant Gary gave his tray to another inmate. Plaintiff was offered a dinner tray within thirty minutes of when the conduct about which he complains occurred but refused to accept it because the food was cold. (Doc. No. 1.)

Upon consideration of the pleadings filed in this case, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(d).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

*1. The Negligence Claim*

Plaintiff's contention that Defendant Gary acted negligently on April 13, 2005 when she gave his dinner tray to another inmate fails to state a viable claim under § 1983. The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 333(1986). In this case, Plaintiff's claim of negligence against Defendant Gary shows, at best, only a lack of due care by a prison official which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 333.

*2. The Food Claim*

Thirty minutes after Defendant Gary inadvertently gave Plaintiff's dinner tray to another inmate he received a dinner plate. Gray complains, however, that the food was cold so he refused to accept the meal. Whether Plaintiff is a pre-trial detainee or a convicted prisoner, his complaint that his rights were violated when he was served a cold meal fails to implicate a claim of constitutional magnitude.[2] "The fact that the food occasionally contains

---

[2] While the conditions under which a prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. *Bell v. Wolfish,* 441 U.S. 520, 535 & n. 16 (1979) (utilizing Fifth Amendment Due Process Clause); *Hamm v. DeKalb County,* 774 F.2d 1567, 1572 (11th Cir.1985) (utilizing Fourteenth Amendment Due Process Clause). In *Hamm,* the Eleventh Circuit held "that in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Id*. at 1574.

foreign objects or sometimes is served cold . . . does not amount to a constitutional deprivation. . ." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *see also Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (cold food, small portions, and other harsh circumstances are not so atypical of prison life as to amount to constitutional violations); *Johnson v. Williams*, 768 F. Supp. 1161, 1165 (E.D. Va. 1991) (plaintiff's allegations that he was served cold meals and forced to eat in his cell are insufficient to maintain an Eighth Amendment claim); *Smith v. Harvey*, 889 F. Supp. 426, 430 (D. Kan. 1995) (serving inmates plain but nutritious food does not violate the Eighth Amendment).

Based on the foregoing, the court concludes that the allegations about which Plaintiff complains do not rise to the level of a constitutional violation and provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint is, therefore, subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before May 6, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*),* adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of April, 2005.

                                                /s/Charles S. Coody
                                            CHARLES S. COODY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE